**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-26-00228-CV**
_____

**IN RE ELOISA AGUIRRE**

**Original Proceeding**
**County Court at Law No. 1 of Jefferson County, Texas**
**Trial Cause No. 24CCCV0964**

**MEMORANDUM OPINION**

In a petition for a writ of mandamus, Relator Eloisa Aguirre, acting pro se, contends (1) the trial court's proceedings are void *ab initio* because the plaintiff's cause of action relies on a Rule 11 agreement from a case that was dismissed after the parties entered the agreement; and (2) the trial court abused its discretion by refusing to transfer or dismiss the case when the amount in controversy of Relator's counterclaims exceeds the jurisdictional limit of the trial court. We deny the petition.

Relator supports her mandamus petition with a screenshot from a case filed in Harris County in 2023, a copy of a series of emails relating to settling the Harris

1

County case, and an order dated June 4, 2026, denying Aguirre's motion to recuse the judge presiding in the Jefferson County case.

We may issue a writ of mandamus to remedy a clear abuse of discretion by the trial court when the relator lacks an adequate remedy by appeal. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). "A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Walker*, 827 S.W.2d at 839 (internal quotations omitted). A trial court also abuses its discretion if it fails to correctly analyze or apply the law, because a trial court has no discretion in determining what the law is or in applying the law to the facts. *See Prudential*, 148 S.W.3d at 135; *Walker*, 827 S.W.2d at 840.

We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments, considering whether extending mandamus relief will preserve important substantive and procedural rights from impairment or loss. *In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008) (orig. proceeding).

We conclude that on this record, the Relator has not shown that she is entitled to mandamus relief. Accordingly, we deny the petition for a writ of mandamus. *See* Tex. R. App. P. 52.8(a).

2

PETITION DENIED.

PER CURIAM

Submitted on June 24, 2026
Opinion Delivered June 25, 2026

Before Johnson, Wright and Chambers, JJ.